IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Signe Jones,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Pamala Rider, et al.,<br><br>　　　　　　Respondents. | No. CV-14-1775-PHX-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

　　　Signe Jones filed a Petition for Writ of Habeas Corpus on August 8, 2014, challenging his convictions and sentences, pursuant to a plea agreement, for various felonies stemming from the sale of marijuana. Specifically, Jones alleges that he received ineffective assistance of counsel and that evidence should have been suppressed. First, Respondents contend that his ineffective assistance claim was untimely, not exhausted, and subject to an implied procedural bar, and, second, that he waived his evidence suppression argument when he entered a plea of guilty. As described below, the Court recommends that his Petition be denied and dismissed with prejudice.

**BACKGROUND**

　　　On December 3, 2010, Jones entered a plea of guilty in Maricopa County Superior Court in two related cases to two counts of conspiracy to commit the sale or transportation of marijuana, one count of illegal control of an enterprise, one count of assisting a criminal street gang, one count of solicitation of an offer to sell or transfer

1  marijuana, one count of misconduct involving weapons, and one count of use of a wire in
2  a drug transaction. (Doc. 11, Exs. M, N, O, P, Q)  On December 16, 2010, Jones was
3  sentenced to one ten year sentence to be followed by six concurrent probation terms of
4  three years each. (Doc. 11, Exs. R, S)  At his sentencing, Jones signed Notices of Rights
5  of Review after Conviction and Procedure that explained the procedures he needed to
6  follow to exercise his right to post-conviction relief, including the time frames for
7  initiating any such relief. (Doc. 11, Exs. T, U)

8  On September 12, 2011, Jones filed Notices of Post-Conviction Relief in both
9  cases. (Doc. 11, Exs. V, W)  In his Notices, he raised claims of ineffective assistance of
10 counsel and claimed that newly discovered material facts would probably change his
11 sentence. (*Id*. at 2, 3)  He also acknowledged that the Notices were untimely and claimed
12 it "was due to the [prison] library having poor legal material on top of not being able to
13 access the library." (*Id*.)  Without addressing the merits of his claims, the Superior Court
14 appointed Jones counsel who reviewed the file, interviewed trial counsel, and
15 corresponded with Jones before informing the Court that she could not find a tenable
16 issue to submit to the Court. (Doc. 11, Exs. X, Y)  Jones then filed a *pro per* petition and
17 argued that he received ineffective assistance of trial counsel and that *United States v.*
18 *Jones*, 132 S.Ct. 945 (2012), was a change in the law that applied to his case. (Doc. 11,
19 Exs. Z, AA, BB, CC, DD)  At the conclusion of briefing, the Court found that Jones'
20 claims were untimely and he did not fall within any of the exceptions to the untimeliness
21 requirements. (Doc. 11, Exs. EE, FF, GG, HH, II)

22 Jones petitioned the Arizona Court of Appeals for review of the Superior Court's
23 denial of his Petition for Post-Conviction Relief arguing only that *Jones* applied to his
24 case. (Doc. 11, Ex. JJ)  On May 6, 2014, the Court of Appeals granted review but found
25 that Jones was not entitled to relief because he "pled guilty and therefore waived all non-
26 jurisdictional defects, including the violation of his constitutional rights." (Doc. 11, Ex.
27 LL at ¶ 5)
28

On August 8, 2012, Jones filed a Petition for a Writ of Habeas Corpus in this Court. (Doc. 1) He claims that he received ineffective assistance of counsel and that certain evidence should have been suppressed. (Doc. 1 at 6-7) Respondents contend that his ineffective assistance claim cannot be reviewed because it was untimely, was not exhausted, and is now subject to an implied procedural bar. Respondents further contend that when Jones entered a plea of guilty, he waived any arguments about suppression of evidence. (Doc. 11)

**The Court Cannot Review Jones' Ineffective Assistance Claim.**

Respondents contend that Jones did not timely raise his ineffective assistance of counsel claim in post-conviction relief proceedings and, therefore, he cannot raise it now on habeas review. In his memorandum in support of his reply, Jones argues both that Respondents are estopped from arguing that his claim is untimely and that his claim is timely because it was raised within one year after the U.S. Supreme Court issued its opinion in *Jones*. (Doc. 15 at 5, 8)

<u>Timeliness Requirement</u>. A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Here, the Superior Court found that Jones' ineffective assistance claim was untimely. (Doc. 11 at II) Jones was sentenced on December 16, 2010, and so he needed to file his notice of post-conviction relief within 90 days. Ariz. R. Crim. P. 32.4(a). Instead, he waited over nine months. (Doc. 11, Exs. V. W) Accordingly, his post-conviction proceedings on this claim were untimely.

This Court can review Jones' untimely habeas petition if he can demonstrate that he is entitled to equitable tolling by showing both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). He has done neither. Instead, he seems to argue in his reply memorandum that his ineffective assistance claim is timely because he filed this claim within one year after the *Jones* case was decided and his counsel only became ineffective after *Jones* because his counsel should have raised the same arguments as *Jones*. (Doc. 15) This argument is predicated on Jones' assumption that *Jones* applies retroactively. (Doc. 15 at 24) However, the only courts that have addressed this argument have all concluded that *Jones* is not retroactively applicable. *United States v. Sykes*, 2013 WL 1165245, at *3 (E.D. Va. Mar. 20, 2013); *Judkins v. United States*, 2013 WL 1130484, at *4 (E.D. Wis. Mar. 18, 2013); *Hernandez v. United States*, 2013 WL 625752, at *2 (N.D. Tex. Jan. 29, 2013); *United States v. Jesus-Nunez*, 2013 WL 312387, at *7 (M.D. Pa. Jan. 25, 2013); *Reyes-Sotero v. United States*, 2012 WL 6681963, at *2 (D. Md. Dec. 21, 2012); *United States v. Reyes*, 2012 WL 4339070, at *6 (S.D. Cal. Sept. 19, 2012); *Garcia v. Bradt*, 2012 WL 3027780, at *7 (S.D.N.Y. July 23, 2012). The Court agrees that *Jones* does not apply retroactively and, therefore, this claim has no merit.

Next, Respondents argue that, even if timely, this Court cannot review Jones' ineffective assistance claim because it was not exhausted and is now subject to an implied procedural bar. Jones disagrees.

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28

- 4 -

U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

Jones did not exhaust his ineffective assistance of counsel claim in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Jones needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Jones' petition to the Arizona Court of Appeals did not address his ineffective assistance of counsel claim and, therefore, this claim is not exhausted.

In addition, Jones' ineffective assistance claim is now subject to an implied procedural bar because it was not fairly presented in state court and no state remedy remains available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

In his reply memorandum, Jones argues that his procedural default should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Jones claims that he received ineffective assistance of post-conviction counsel because post-conviction counsel should have argued that trial counsel was ineffective. (Doc. 15 at 16) Even assuming that this Court could address arguments raised for the first time in a reply brief, this argument fails for two reasons. First, there is no constitutional right to effective assistance of post-conviction counsel and Jones cannot obtain habeas relief on this claim. *Bargas v. Burns*, 179 F.3d 1207, 1215 (9th Cir. 1999) (a habeas "[p]etitioner does not have a Sixth Amendment right to counsel to pursue his state post-conviction appeal"). *See also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Second, the ineffective assistance claim is defaulted because Jones – not his attorney – failed to raise the claim in his *pro per* petition to the Arizona Court of Appeals. Thus, Jones has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review his ineffective assistance claim.

**Jones waived his Fourth Amendment claim.**

Jones' second argument is that evidence should have been suppressed because it was obtained in violation of the Fourth Amendment and that *Jones* applies retroactively to this case. (Doc. 1 at 7) Respondents acknowledge that this argument was timely raised and fairly presented to the Arizona Court of Appeals but argue that Jones waived all constitutional claims when he entered an unconditional plea of guilty.

The Court agrees that Jones cannot, as he would like, claim a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). He has "voluntarily and intelligently plead[ed] guilty to a criminal charge [and so he] may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).

**IT IS THEREFORE RECOMMENDED** that Signe Jones' petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge